UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DWIGHT BROWN,

        Plaintiff,                                Hon. Janet T. Neff

v.                                       Case No. 1:11-CV-1179

RAYMOND INGRAHAM, et al.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. (Dkt.

#23). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be

**denied**.


## BACKGROUND

Plaintiff initiated this action on November 4, 2011, alleging that the failure by Defendants

to provide him with high-top gym shoes violated his Eighth Amendment right to be free from cruel and

unusual punishment. The undersigned recently recommended that all Defendants are entitled to

summary judgment and that Plaintiff's action be dismissed. (Dkt. #35). Plaintiff now requests

injunctive relief. Specifically, Plaintiff seeks an order compelling Defendants to provide him his

requested shoes.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the

circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566,

573 (6th Cir. 2002).  To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted).  If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest.  *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced.  *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998).  Ultimately, the decision whether to grant injunctive relief lies within the court's discretion.  *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has failed to establish that he is likely to prevail in this matter, a conclusion underscored by the Court's recommendation that Plaintiff's action be dismissed.  Plaintiff has likewise failed to demonstrate that he is likely to suffer irreparable harm in the absence of relief.  Furthermore, the Court concludes that the public interest would not be served by judicial interference in the day-to-day operations of a correctional facility in the absence of any evidence supporting such.  Accordingly, the undersigned recommends that Plaintiff's motion for injunctive relief be **denied**.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction, (dkt. #23), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  July 30, 2012                  /s/ Ellen S. Carmody
                                      ELLEN S. CARMODY
                                      United States Magistrate Judge