UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT BROWN,

    Plaintiff,                                         Case No. 1:11-cv-1179

v                                                     HON. JANET T. NEFF

RAYMOND G. INGRAHAM, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed motions for summary judgment, and Plaintiff moved for a preliminary injunction. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) on July 12, 2012, recommending that this Court grant Defendants' motions (Dkt 35); and a Report and Recommendation on July 30, 2012, recommending that this Court deny Plaintiff's Motion for a Preliminary Injunction (Dkt 37). The matter is presently before the Court on Plaintiff's objections to both Reports and Recommendations. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Reports and Recommendations to which objections have been made. The Court denies the objections and adopts the Reports and Recommendations as the Opinions of the Court.

    In the July 12, 2012 Report and Recommendation (Dkt 35), the Magistrate Judge recommends that Defendant Baker's Motion for Summary Judgment (Dkt 8) be granted; Defendant Ingraham's Motion for Summary Judgment (Dkt 10) be granted; and Defendant Kangas, Lange,

Pfost, and Schwarz's Motion for Summary Judgment (Dkt 16) be granted. Plaintiff poses three objections to this Report and Recommendation, none of which demonstrate any factual or legal error by the Magistrate Judge.

First, Plaintiff objects to the recommended dismissal of Defendants Schwarz and Baker (Objs., Dkt 39 at 1; R&R, Dkt 35 at 5-7). According to Plaintiff, "[i]t seems inappropriate for the Magistrate Judge to grant relief sua sponte" (Objs., Dkt 39 at 1). Plaintiff's objection lacks merit. Federal law instructs that where, as here, a litigant is permitted to proceed with pauper status, "the court *shall* dismiss the case *at any time* if the court determines that ... the action ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(*ii*) (emphasis added). Plaintiff does not otherwise dispute the Magistrate Judge's conclusion that his allegations against Defendants Schwarz and Baker fail to state a claim under 42 U.S.C. § 1983.

Second, Plaintiff objects to the Magistrate Judge's exhaustion analysis (Objs., Dkt 39 at 2-5; R&R, Dkt 35 at 7-11). According to Plaintiff, the Magistrate Judge "failed to address Brown's third grievance that was found to be exhausted by T. Stepp, Grievance Coordinator" (Objs., Dkt 39 at at 5). Plaintiff's objection lacks merit. The Magistrate Judge addressed the third grievance, agreeing it served to exhaust Plaintiff's claims against Defendant Lange, but not Plaintiff's claims against any other defendant (R&R, Dkt 35 at 10).

Third, Plaintiff objects to the Magistrate Judge's determination that he failed to state an Eighth Amendment claim against Defendant Lange (Objs., Dkt 39 at 5-9; R&R, Dkt 35 at 11-14). According to Plaintiff, the Magistrate Judge "erred when finding that no evidence exist[ed] showing a disputed question of fact from which the inference of substantial risk of harm could be drawn that Lange acted with deliberate indifference to Plaintiff's medical needs" (Objs., Dkt 39 at 7). Plaintiff

points to his documentary evidence of a "'permanent' special accommodation for deep toe box high top gym shoes," evidence that he claims Lange did not review (*id.* at 7-8).

Plaintiff's objection lacks merit. Even assuming Plaintiff's medical file contained the documentary evidence Plaintiff references, the most recent medical determination in his file was the October 7, 2010 determination by Plaintiff's medical provider that Plaintiff had "no indication for special shoes" (R&R, Dkt 35 at 13). The Magistrate Judge determined that Plaintiff had not established that Lange acted with a sufficiently culpable state of mind where Lange acted in response to the most recent medical determination on the matter. Plaintiff's objection does not address the basis for the Magistrate Judge's determination.

For the foregoing reasons, the Court denies Plaintiff's objections to the July 12, 2012 Report and Recommendation and adopts the Report and Recommendation as the Opinion of the Court. Having adopted the Magistrate Judge's recommendation to dismiss Plaintiff's action, the Court also denies Plaintiff's objections to the recommendation of the Magistrate Judge in the July 30, 2012 Report and Recommendation to deny Plaintiff's Motion for a Preliminary Injunction. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkts 39, 42) are DENIED and the Report and Recommendation (Dkt 35) is APPROVED and ADOPTED as the Opinion of the Court.

3

**IT IS FURTHER ORDERED** that the Objections (Dkts 40) are DENIED and the Report and Recommendation (Dkt 37) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Baker's Motion for Summary Judgment (Dkt 8) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Ingraham's Motion for Summary Judgment (Dkt 10) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Kangas, Lange, Pfost, and Schwarz's Motion for Summary Judgment (Dkt 16) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Preliminary Injunction (Dkt 23) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: September 24, 2012               /s/ Janet T. Neff
                                        JANET T. NEFF
                                        United States District Judge